# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                          |   |                                      |
|------------------------------------------|---|--------------------------------------|
| **UNITED STATES OF AMERICA**             | ) |                                      |
|                                          | ) |                                      |
| v.                                       | ) | Criminal Action No. 13-262-01 (RMC)  |
|                                          | ) |                                      |
| **PABLO LOVO,**                          | ) |                                      |
|                                          | ) |                                      |
| **Defendant.**                           | ) |                                      |

## MEMORANDUM OPINION

Pablo Lovo was convicted by a jury on May 28, 2014, on two criminal counts: (1) Conspiracy to Interfere with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951 (2012), and (2) Using, Carrying, and Possessing a Firearm During a Crime of Violence and Aiding and Abetting in violation of 18 U.S.C. § 924(c)(1) and (2). On March 26, 2015, this Court sentenced him to a period of incarceration of 64 months on Count One and a period of 60 months' incarceration on Count Two, consecutive to Count One, as mandated. The Court also imposed a period of post-incarceration supervised release of 36 months on each Count to be served concurrently. Judgment was entered on April 8, 2015. Mr. Lovo filed a timely appeal on April 9, 2015. While that appeal was pending, on December 23, 2016, Mr. Lovo filed a Motion for Bail Pending Appeal [Dkt. 274], which the government opposed. Opp'n [Dkt. 277]. The defendant did not file any reply. After considering Mr. Lovo's arguments, the Court will deny his motion for bail pending appeal, for the reasons stated below.

## I. BACKGROUND

Mr. Lovo cites 18 U.S.C. § 3143(b) as authority for his motion. *See* Mot. at 3. That statute governs release pending appeal by a person who "has been found guilty of an

offense and sentenced to a term of imprisonment." The statute directs that release pending appeal is appropriate if the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . .; and
> (B) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in—
> > (i) reversal,
> > (ii) an order for a new trial, . . . or
> > (iii) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1) (2012). Mr. Lovo asserts that he meets the standards in this statute and was not convicted of an offense that implicates mandatory detention; the United States opposes his motion on both grounds.

In response, the government relies on 18 U.S.C. § 3143(b)(2), which mandates that a judicial officer order a defendant be detained pending appeal when that defendant "has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment." Section 3142(f)(1)(A)-(C), in turn, lists the following offenses:

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (B) an offense for which the maximum sentence is life imprisonment or death; [or]
> (C) an offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46[.]

18 U.S.C. § 3142(f)(1)(A)-(C). On the face of these statutory provisions, Mr. Lovo is ineligible for release because he was convicted of violating § 924(c)(1), which has a statutory maximum sentence of life imprisonment. *See Cassell v. United States*, 00-cr-270(RMU), 03-cv-1914, 2006

2

WL 2051371, n.8 (D.D.C. July 19, 2006), *aff'd*, 530 F.3d 1009 (D.C. Cir. 2008). Therefore, § 3143(b)(2) directs that Mr. Lovo be detained pending appeal.

These provisions may be avoided "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). While § 3145(c) does not define "exceptional reasons," courts typically understand the phrase to mean circumstances that are "clearly out of the ordinary, uncommon, or rare." *United States v. Hite*, 12-cr-65 (CKK), 2013 WL 12158577, at *2 (D.D.C. July 30, 2013), *aff'd*, 540 F. App'x 2 (D.C. Cir. 2013).

## II. ANALYSIS

### A. Mr. Lovo's 18 U.S.C. § 924(c) Conviction

In making his argument that such exceptional circumstances occur here, Mr. Lovo predominantly relies on his argument that his § 924(c) conviction violates his right to constitutional due process because the statute is void for vagueness under the holding of *Johnson v. United States*, 135 S.Ct. 2551 (2015). *See* Mot. at 9. *Johnson* held that the "residual" clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), which defines a "prior offense" under that Act as something that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is too vague to pass constitutional scrutiny. 135 S. Ct. at 2558. Section 924(c) imposes a minimum five-year sentence for any person who uses or carries a firearm in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A)(i). A "crime of violence" is further defined in § 924(c)(3)(B) as a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Based on *Johnson*, Mr. Lovo contends that his "§ 924(c) conviction[], which was predicated on the Hobbs Act conspiracy as the 'crime of violence[,]' cannot be sustained" on appeal because the language is similarly vague. Mot. at 9. In support, he cites a

3

number of cases invalidating other provisions for vagueness due to *Johnson*. *Id*. at 9-10; *see United States v. Sheffield*, 832 F.3d 296, 315 (D.C. Cir. 2016) (finding that "D.C.'s attempted robbery statute simply does not qualify as a crime of violence as a categorical matter."); *United States v. Gonzalez-Ruiz*, 794 F.3d 832, 836 (7th Cir. 2015) (finding conspiracy to commit armed robbery does not qualify as a violent felony under the ACCA); *United States v. Edmundson*, 153 F. Supp. 3d 857, 864 (D. Md. 2015) (Hobbs Act conspiracy not a crime of violence; § 924(c)(3)(B) is void for vagueness).

In response, however, the government identifies several cases that have declined to apply *Johnson* to § 924(c). Opp'n at 8; *see United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016) (explaining that an "argument [that *Johnson* extends to 924(c)] is without merit" because "§ 924(c)(3)(B) is considerably narrower"); *United States v. Davis*, No. 16-10330, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017); *United States v. Hill*, 832 F.3d 135, 140 (2d Cir. 2016); *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016). The Court finds these cases persuasive.

Mirroring the arguments made in the cited cases, the government points to two important distinctions between the ACCA residual clause and § 924(c)(3)(B). *See* Opp'n at 8-9. First, the ACCA refers to offenses that involve any "conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), whereas § 924(c)(3)(B) refers to an offense that "by its nature, involves a substantial risk that physical force against the person or property or another may be used in the course of committing the offense." Second, § 924(c)(3)(B) applies to those risks that arise "in the course of committing the offense," and avoids a key uncertainty in the ACCA's residual clause, which required courts to evaluate the risk of injury "after" completion of the offense. 135 S. Ct. at 2557.

4

The government also emphasizes the focus in § 924(c)(3)(B) that the risk in question is the defendant's use of force against a victim due to the "nature" of the criminal conduct, not the risk of injury to a victim, as in the ACCA. Opp'n at 9; s*ee Taylor*, 814 F.3d at 376-77 (concluding that the "[r]isk of physical force against a victim," under § 924(c)(3)(B) "is much more definite than [the] risk of physical injury to a victim" under the ACCA's residual clause). The Supreme Court commented that ACCA's residual clause "seemingly requires the judge to imagine how the idealized ordinary case of the crime subsequently plays out." *Johnson*, 135 S. Ct. at 2557-58. But, as *Taylor* found, under § 924(c)(3)(B), "the force must be used and the risk must arise in order to effectuate the crime. Thus, unlike the ACCA residual clause, § 924(c)(3)(B) does not allow courts to consider 'physical injury [that] is remote from the criminal act,' a consideration that supported the Court's vagueness analysis in *Johnson*." *Taylor*, 814 F.3d at 377 (quoting *Johnson*, 135 S. Ct. at 2559).

While not expressly argued by Mr. Lovo, the Court also does not believe that cases such as *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), increase the likelihood of Mr. Lovo's success on appeal. *Dimaya* held that 18 U.S.C. § 16(b), which defines a "crime of violence" in language functionally identical to § 924(c)(3)(B), was unconstitutionally vague due to *Johnson*'s reasoning. *Id.* at 1111. Unlike § 16(b), however, § 924(c) requires a nexus to use of force in connection with the use or possession of a firearm during the commission of a crime. Section 16(b) has far broader applicability, including, as is the case in *Dimaya*, its use to define an "aggravated felony" for the purposes of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F). *Dimaya*, 803 F.3d at 1111. Section 924(c)'s additional nexus requirement limits the applicability, and any potential vagueness, of § 924(c)(3)(B), in a way that § 16(b)'s general definition does not, despite the similarity of language.

5

The D.C. Circuit has not spoken on this issue and Mr. Lovo's appeal of his § 924(c) conviction raises a legitimate question. Nonetheless, the Court is not persuaded that such a question rises to the level of exceptional circumstances as required. The differences between the texts and the contexts of the ACCA and § 924(c) are too distinct, and the caselaw too conflicted for the Court to conclude that Mr. Lovo is likely to win on appeal. Therefore, the Court has no reason to consider his conviction any less serious or to lessen his obligation to show "exceptional" circumstances to warrant release pending appeal.[1]

**B. Other Factors**

In addition to his legal argument against his § 924(c) conviction, Mr. Lovo offers his employment history and ability to be re-employed if released, family support as demonstrated by letters submitted at sentencing, and connections to the community to show that he is neither a risk of flight nor a danger to the community if released. *See* Mot. at 4-8. Notably, these factors all existed at the time of the criminal conduct for which he was convicted and did not prevent it.

Finally, Mr. Lovo identifies other issues being raised on appeal, including: (1) whether certain video and audio evidence was improperly admitted at trial; (2) whether the Court erred in denying his motion to suppress tangible evidence from a warrantless search; (3) whether the Court erred in failing to grant a new trial based on an entrapment theory; (4) whether Mr. Lovo was denied effective assistance of counsel; and (5) whether Mr. Lovo's sentence was unreasonable for failure to consider entrapment, and other mitigating factors. Mot. at 11.

These additional arguments made by Mr. Lovo do not provide out-of-the-

---

[1] As noted, a jury convicted Mr. Lovo based on trial evidence and legal instructions from the Court, and his appeal is pending before the D.C. Circuit Court of Appeals. The Court addresses his arguments here, also made on appeal, only in the context of Mr. Lovo's argument that his § 924(c) conviction should not result in mandatory detention because the statute is void for vagueness under *Johnson v. United States*.

6

ordinary, uncommon, or rare circumstances that would warrant release pending appeal. Many criminal defendants come from supportive personal backgrounds, and any criminal conviction is likely to bring with it appeals about the conduct of trial. Mr. Lovo has not identified why his particular situation, because of these factors, is "exceptional." The Court therefore concludes that Mr. Lovo has not met his burden under 18 U.S.C. § 3143.

## CONCLUSION

Mr. Lovo's motion for release pending appeal will be denied. A memorializing order accompanies this memorandum opinion.


Date: June 20, 2017                                /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge